■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEVELAND HINES, Appellant. — Judgment, Supreme Court, Bronx County, rendered on December 18, 1972, convicting defendant, after trial, of the crime of robbery in the first degree, sexual abuse in the first degree, grand larceny in the third degree, assault in the second degree and possession of a weapon as a misdemeanor, affirmed. The statement in the dissent that the evidence against the defendant indicates that, prior to the alleged sexual abuse, he committed an independent, separate assault on the complainant, is without foundation in the record. The testimony established that there was one continuous assault for the purpose of forcing the complainant to submit to defendant's sexual advances. Similarly, the statement in the dissent that the bruises on the complainant availed of as corroboration for the sexual abuse are just as susceptible of an inference that they were the result of an earlier assault is not realistic. The complainant testified that, when she got out of her car, the defendant told her to get back in it. When she refused " He knocked me to the ground   *   *   *. He hit me in the arm and knocked me to the ground." Again complainant

testified "[defendant] dragged me up; and put his arm around my neck, * * * and dragged me into the car." In recounting the happenings in the car the complainant said: "He had his arm around my neck and he dragged — proceeded to pull me and yank me, forced me to climb over into the back seat." The complainant describes the sexual assault committed by the defendant and, amongst other things, uses the word "violently". Dr. Dell'Aquila testified that, in examining the complainant, shortly after the assault, he found an irritation of the perineum, which he described as mild, but consistent with recent sexual intercourse, although conceding that such irritation or redness could have other origins. In view of the above-quoted evidence it would be completely unrealistic to conclude that hitting complainant on the arm and dragging her by the neck, was the cause for the irritation found in her perineum. The jury could well have found, as it obviously did, in view of its verdict, that the irritation in complainant's perineum was the natural result of the violence employed by the defendant in sexually attacking her, as she testified to. Concur — McGivern, J. P., Tilzer and Capozzoli, JJ.; except Markewich and Lane, JJ., dissent in a joint memorandum as follows: It is axiomatic that corroborative evidence, like any other evidence against a defendant in a criminal case, must be established beyond a reasonable doubt. The count of sexual abuse in the first degree requires corroboration; section 130.15 (subd. 1, par. [a]) of the Penal Law says so in so many words. The evidence against defendant indicates that, prior to the alleged sexual abuse, he committed a completely independent separate assault on complainant, of which he was separately convicted. The bruises on complainant availed of as corroboration for the sexual abuse are just as susceptible of an inference that they were the result of the earlier assault and they do not, therefore, point clearly and convincingly in the other direction. And the same may be said of the victim's disarranged clothing and her prompt, tearful complaint. Indeed, the latter is merely consistent with her story and not corroborative at all. Even though it makes no difference practically in the outcome of this case, because of the multiplicity of counts of conviction merged in the lengthy set of concurrent sentences, integrity of the judicial process seems to demand that we modify by reversing the conviction for sexual abuse and that portion of the concurrent sentences imposed under that count, and otherwise affirm to leave untouched the convictions of robbery, larceny, assault, and weapon possession and the concurrent sentences imposed for those crimes. The sheer horror of this crime should not persuade us to judge the proper disposition of this appeal by outright and indiscriminate affirmance.